J. Curtis Edmondson (CSB 236105)
Edmondson IP Law
2660 SE 39th Loop, Suite D
Hillsboro, OR 97123
503-336-3749/ FAX: (503) 482-7418
jcedmondson@edmolaw.com

*Attorney for Defendant*
JOHN DOE subscriber assigned IP address  108.185.19.186

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br>Plaintiff,<br>vs.<br><br>JOHN DOE subscriber<br>identified as IP address<br>108.185.19.186<br><br>Defendant. | **Case No.:  5:20-cv-06807-TJH-SP**<br><br>**DEFENDANT'S ANSWER and AFFIRMATIVE DEFENSES and COUNTERCLAIM**<br><br>**JURY TRIAL DEMAND** |

Defendant JOHN DOE subscriber identified as IP address 108.185.19.186 (hereinafter "John Doe") by and through counsel hereby answers Plaintiff's ("S3H") first amended complaint (ECF 14) for copyright infringement.

## Introduction

1. With regard to paragraph 1 regarding the allegations of infringement, deny; John Doe does not object to S3H proceeding against John Doe anonymously.

2. With regard to paragraphs 2 and 3, John Doe has no knowledge of these facts, and therefore denies.

3. With regard to paragraphs 4 and 5, deny; but admit a subpoena was served.

4. With regard to paragraph 6, this a statement of law and requires no response; but deny that Plaintiff has identified the "true infringer".

5. With regard to paragraph 7, this a statement of law.

## Jurisdiction and Venue

6. With regard to paragraphs 8-10 as to jurisdiction for the claim, deny that the acts of infringement occurred by John Doe, but agree that this Court is proper to settle this dispute.

## Parties

7. With regard to paragraphs 11, John Doe has no knowledge of these facts, and therefore denies.

8. With regard to paragraphs 12, John Doe is not an infringer, so therefore deny.

## Factual Background

9. With regard to paragraphs 13-52, John Doe has no knowledge of these facts, and therefore denies.

## COUNT I

## Direct Copyright Infringement

10. With regard to paragraph 53, John Doe incorporates by reference the statements made in paragraphs 1-52 in this Answer.

11. With regard to paragraphs 54-56, John Doe has no knowledge of these facts, and therefore denies.

12. With regard to paragraphs 57-58 (and subparts), deny

WHEREFORE, John Doe respectfully requests that S3H be denied such relief as requested in their prayer on pages 9 of the complaint, and award John Doe reasonable attorney fees and costs pursuant to statute and any other relief this Court may grant.

## DEMAND FOR JURY TRIAL

John Doe hereby demands a trial by jury.

# AFFIRMATIVE DEFENSES

**13.** While John Doe has not infringed the works at issue, he is raising these affirmative defenses as is his right and should not be deemed an admission of infringement.

## I. FAILURE TO MITIGATE DAMAGES

14. S3H has made no attempt to mitigate any actual or perceived damages, including but not limited to sending out DMCA take-down notices to the ISP for the IP address. The cost of sending DMCA notices is practically nil compared to the cost of filing a lawsuit and the process of sending DMCA notices can be automated. The sending of DMCA notices to the ISP can result in the termination of the Internet account, solving the alleged problem for S3H. Further, S3H can identify the bittorrent "initial seeders" of the works at issue and take appropriate action, such as, either by corrupting the swarms, or by filing lawsuits against the seeders, rather, they actively encourage such seeding.

## II. WAIVER AND IMPLIED LICENSE

15. S3H has waived its copyrights by simultaneously distributing free versions of its movies across numerous websites, with no obligation by the consumer to purchase those movies. S3H was aware of such free distribution.

## III. COPYRIGHT MISUSE

16. S3H has knowingly misused court process and procedure, *inter alia,* by misrepresenting key facts to this Court regarding the forensic qualities of the "VXN" monitoring system and it's ability to identify an individual with specificity.

## IV. FAILURE TO JOIN NECESSARY PARTIES

17. S3H has failed to join all actual and potential joint infringers including, but not limited to, other participants in the BitTorrent swarm and the website that hosted the ".torrent' file.

## V. FAIR USE AND OTHER STATUTORY DEFENSES
## 17 U.S.C. 107-122, 512

18. Defendant is entitled to the statutory defenses under 17 U.S.C 107 to 17 U.S.C 122, and 17 USC 512 (DMCA).

## VI. SINGLE SATISFACTION AND EQUITABLE OFFSET

19. Defendant claims that other members of the same torrent hash have settled barring further recovery. Further, Defendant is entitled to an equitable offset based on prior settlements for the same work.

## VII. STANDING

20. Defendant lacks standing to bring these claims as they are not the owner of the copyright.

## VIII. DOCTRINE OF EXPRESS LICENSE OR JUDICIAL ESTOPPEL

21. Strike 3 has expressly licensed these works to these classes of defendants:

a) active military

b) demonstrate severe financial hardship,

c) is a minor,

d) the subscriber is a business with publicly available internet

## VIII. RIGHT TO AMEND

22. Defendant further requests the right to amend these affirmative defenses as additional facts are learned during discovery.

## DEFENDANT'S COUNTERCLAIMS

23. John Doe lives in the Los Angeles Metro Area, which is densely populated.

24. Further, John Doe supplied internet router was "WiFi" enabled, that is accessible from outside the house.

25. A complaint was then filed on John Doe asserting copyright infringement. The complaint alleges that S3H has "Plaintiff has developed, owns, and operates an infringement detection system, named "VXN Scan." (ECF 1). There are no allegations that VXN Scan has been validated under NIST's Computer Forensics Tool Testing Program (https://www.nist.gov/itl/ssd/software-quality-group/computer-forensics-tool-testing-program-cftt). There is no public information on "VXN Scan"'s false positive or false negative rate. VXN Scan is not a commercially available forensic tool developed by a qualified third party. There is no evidence this tool is being used by any state or federal police force for forensic investigation.

## COUNT 1 - DECLARATORY JUDGMENT OF NON-INFRINGEMENT

27. This counterclaim arises under the copyright laws of the United States, 17 U.S.C. §§ 101 et seq.,

28. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has jurisdiction over any pendent state law claims.

29. Whereas, a case and controversy has arisen between John Doe and S3H regarding claims of copyright infringement works allegedly owned by S3H.

30. S3H claims John Doe has infringed the works owned by S3H via "bittorrent downloading".

31. Whereas, S3H claimed, by and through counsel, that it has a technology, apparatus, or methodology (e.g. VXN), and with that technology, apparatus, and method, combined with "publicly available information", and John Does' subscriber information, that it is 100% certain that John Doe infringed S3H's works.

32. Whereas, Doe has not infringed S3H's works, and is not sure who infringed S3H's works and seeks a Court Order as follows:

   a. A Declaration of Non-Infringement of the Works on Exhibit A of S3H's Complaint.

   b. A Declaration that John Doe was "that you are not merely the subscriber of the IP address, but also **the individual** using it to infringe upon Strike 3's works through the BitTorrent protocol"

   c. A Declaration that the data gathered from VXN Scan in combination with other publicly available information, cannot determine with 100% accuracy that a particular individual was infringing Strike 3's works.

**DEFENDANT'S PRAYER FOR RELIEF**

Defendant respectfully prays and judgment entered as follows on the counterclaim:

    A. That a declaratory judgment be entered that Doe did not infringe and

        1) A Declaration of Non-Infringement of the Works on Exhibit A of S3H's Complaint.

        2) A Declaration that John Doe was "that you are not merely the subscriber of the IP address, but also **the individual** using it to infringe upon Strike 3's works through the BitTorrent protocol"

        3) A Declaration that the data gathered from VXN Scan in combination with other publicly available information, cannot determine with 100% accuracy that a particular individual was infringing Strike 3's works.

    B. That Doe is the prevailing party under the Copyright Act;

    C. That Doe be entitled to reasonable attorney fees under the Copyright Act;

    D. That Doe be entitled to costs of suit; and

    E. That Doe be entitled to any other relief that this Court may allow.

Respectfully submitted,

Dated: May 19, 2021

/s/ J. Curtis Edmondson
J. Curtis Edmondson
Law Offices of J. Curtis Edmondson, PLLC
Hillsboro OR  97123
(503)336-3749
jcedmondson@edmolaw.com


**CERTIFICATE OF SERVICE**

    I hereby certify that on this May 19, 2021, a true and accurate copy of the above and foregoing Answer, Affirmative Defenses, and Counterclaim was filed with the District Court's CM/ECF system, which provides service to all counsel of record.

Dated May 19, 2021             By: /s/ *J. Curtis Edmondson*
                                           J. Curtis Edmondson